[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. On January 30, 1997 the court heard testimony from both parties, found that it had jurisdiction, entered a judgment of dissolution and ordered that the defendant have sole legal and physical custody of the minor child. The court took under advisement visitation orders and the apportionment of certain liabilities between the parties.
Having considered the factors in Section 46b-81, C.G.S., the court enters the following orders concerning the liabilities:
1. The plaintiff shall pay directly to the owner of the premises where the defendant and the minor child reside the sum of $1950, representing unpaid rent for the period of January-June 1994 and the plaintiff's one-half share thereof.
2. As agreed at the hearing on January 30, the plaintiff shall pay to the defendant $220, representing one-half of the income tax liability.
3. The defendant shall be solely responsible for the electric bills unpaid, and she shall indemnify and save the plaintiff harmless from any liability thereon.
4. The plaintiff shall make no payment to the defendant in CT Page 1041 connection with the purchase of a car in 1992.
Having considered the best interest of the minor child and the testimony concerning contact between him and the plaintiff over the past three years, the court orders that the plaintiff have unsupervised visitation every Sunday from 11:00 am to 7:00 pm. The plaintiff shall be responsible for all pick up and drop off promptly at the times ordered, and the defendant shall have the child ready to be picked up at the appointed time. The plaintiff shall provide dinner for the minor child on these days. This order shall be effective on and after Sunday, February 16, 1997.
The case is referred to the Family Services office for a visitation study to determine whether more extensive contact between the plaintiff and the minor child is in the child's best interest, including overnight visitation. The study shall also consider whether joint legal custody may be in the child's best interest.
BY THE COURT
SHORTALL, J.